# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| RYAN ANTHONY HOLL, | ) |
|---|---|
| Plaintiff, | ) |
| | ) CAUSE NO. 3:18CV2-PPS/MGG |
| v. | ) |
| | ) |
| THE OTIS R. BOWEN CENTER | ) |
| FOR HUMAN SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Ryan Holl, who is representing himself in this matter, filed this action after he was psychologically evaluated and then detained at the Otis R. Bowen Center for Human Services, Inc. ("Bowen Center"), in Plymouth, Indiana. In his initial complaint, he alleged that the Bowen Center violated his rights under the federal constitution, Indiana state constitution, Indiana state law, and international human rights laws. The Bowen Center moved to dismiss, and I dismissed Holl's claims, but gave him an opportunity to amend his complaint.

Holl filed an amended complaint [DE 27] in which he added two defendants - Gina Haspial and Randolph Alles. However, he soon thereafter requested to withdraw his claims against Haspial and Alles, and I dismissed those claims without prejudice against those defendants. [DE 33 at 1.] Therefore, what remains in this lawsuit are the claims in the amended complaint against the Bowen Center.

This matter is before me on the Motion to Dismiss Plaintiff's Amended

Complaint, filed by Defendant, the Bowen Center. [DE 29.] The Bowen Center once again moves to dismiss Holl's amended complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. For the reasons set forth below, I will grant the Bowen Center's motion to dismiss Holl's amended complaint.

**Background**

Holl's amended complaint is brief (only three pages). It alleges as follows: during his stay at the Bowen Center, from September 1 - September 8, 2017, Holl was assaulted by three staff members, and he was denied access to the banking system, legal system, his business data, his legal counsel, and his doctors. [DE 27 at 1.] Holl states claims for fraud, libel, slander, destruction of legal property, withholding access to the court system, violating contracts, and violating HIPPA. [*Id.* at 1-2.]

I note that Holl's initial complaint contained much more detail about the events. These are set forth in my opinion and order dated July 12, 2018[1] (and need not be repeated here), in which I granted the Bowen Center's motion to dismiss, but afforded Holl a chance to amend his complaint. [Op. at 1-5.] Additionally, I have reviewed the sealed documents Holl submitted at docket entry 39.

**Analysis**

The Bowen Center moves to dismiss the amended complaint pursuant to both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) provides for a dismissal of an action for "lack of subject matter jurisdiction."

---

[1] My opinion and order dated July 12, 2018 [DE 20] is hereby referred to as "Op."

Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion, the plaintiff bears the burden of persuading the court that subject-matter jurisdiction exists. *Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal under Rule 12(b)(1) challenging the factual basis for jurisdiction, the nonmoving party must support its allegations with competent proof of jurisdictional facts. *Id.*

In reviewing a motion under Rule 12(b)(6), I "'must accept as true all of the allegations contained in a complaint' that are not legal conclusions." *Toulon v. Continental Casualty Co.*, 877 F.3d 725, 734 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint must be construed in the light most favorable to Holl, and all possible inferences must be drawn in his favor. *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). "To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365-66 (7th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Plausibility" does not require "probability," but "more than a sheer possibility that a defendant has acted unlawfully" is required to survive a challenge under Rule 12(b)(6). *Id.*

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal

quotation marks and citation omitted). While I should give the pleadings of a pro se plaintiff a liberal construction, a pro se plaintiff is nevertheless bound to comply with the rules governing the filing of a claim and to comply with court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced.").

Speaking of following the rules, I have warned Holl in a separate lawsuit that was in front of me against three other defendants but appearing to bring similar claims, *Holl v. Indiana, et al.*, No. 3:18-cv-1 (N.D. Ind. filed Jan. 3, 2018), that his abusive and offensive language in his filings have come "dangerously close to constituting an abuse of the judicial process." [Case No. 3:18-cv-1 DE 42 at 5-6 (citing DE 20, 21, 22, 25, 28, 31, 32, 34, 35, 36, 37, 39, 40, 41).] Yet the amended complaint in this case is entitled "Holl Amended Complaint - SUMMARY OF EVENTS for JUDGE PHIL." [DE 27 at 1] While I appreciate the casual nature of Mr. Holl's filings, responding to my earlier dismissal order with a "WTF" — as Holl has done in his most recent filing, *see* DE 35 at 2 — isn't particularly illuminating and, in all events, flies in the face of my earlier admonitions to him.

As noted earlier, Holl's amended complaint is very brief. "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . a plaintiff's new complaint wipes away prior pleadings." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Thus, the first complaint is rendered void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638

n.1 (7th Cir. 2004). Nevertheless, I have done my best to interpret, as liberally as possible, what claims Holl appears to be asserting against the Bowen Center. Even applying this most liberal construction, the amended complaint fails to fix the deficiencies of the initial complaint, and fails to state a claim.

The amended complaint sets forth a list of alleged wrongdoings ("fraud, libel, slander, destruction of legal property, withholding access to the court system, violating contracts," and violation of the Health Insurance Portability and Accountability Act ("HIPPA"), without supporting any such claims with facts. [DE 27 at 1.] This violates Rule 8 which requires that a complaint provides "a short and plain statement of the claim showing that the pleader is entitled to relief" so the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *AGM v. Mental Health Center*, No. 2:16-cv-25, 2016 WL 5848693, at *3 (N.D. Ind. Oct. 6, 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 555). But even if there was sufficient factual content, the amended complaint still fails to state a claim.

To the extent Holl contends the Bowen Center violated his privacy, he appears to be reasserting a claim under HIPAA. But as I said last time around, HIPAA does not provide a private right of action. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011). "HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone." *Doe v. Bd. of Tr. Of the Univ. Of Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006); *see also Haywood v. Novartis*

*Pharm. Corp.*, 298 F. Supp. 3d 1180, 1190-91 (N.D. Ind. 2018).

Holl's amended complaint could also be read to plausibly allege the tort of invasion of privacy. The amended complaint alleges that the Bowen Center notified Holl's family of his health records. [DE 27 at 2.] As I noted before, putting aside the question of whether the Indiana courts would even recognize a cause of action based on public disclosure of private facts in such an instance, Indiana courts *have* repeatedly held that communication to a single person or a small group of persons (like Holl's family), is not actionable because the publicity element requires communication to the public at large or to so many people that the matter is substantially certain to become one of public knowledge. [Op. at 10-11; *see Dietz v. Finlay Fine Jewelry Corp.*, 754 N.E.2d 958, 966 (Ind. Ct. App. 2001).] While Holl alleges in the amended complaint that his records are "on full display at the Marshall County court house for any hacker to get access to," there are no allegations that his private medical facts were actually disseminated to the public at large in any fashion. [DE 27 at 2.] Hypothetically, private medical facts could be "hacked" into at any time by computer deviants, but this is not enough to allege the tort of invasion of privacy, where private facts must have actually been disclosed to the public.

In his first response, Holl mentions "18 U.S.C. Code Chapter 41" [DE 35 at 2], which seems to be a reference to 18 U.S.C. §§ 871-880, Extortion and Threats, but this is misplaced. [DE 35 at 2.] While sections 871-880 are statutes setting forth penalties for crimes related to extortion and threats, "a private citizen lacks a judicially cognizable

6

interest in the prosecution or nonprosecution of another." *Acevedo v. Cerame*, 156 F. Supp. 3d 1326, 1329 (D. N.M. 2015) (quoting *Diamond v. Charles*, 476 U.S. 54, 64 (1986)).

The amended complaint suggests that Holl is attempting to bring state law clams for assault, medical malpractice, fraud, libel, slander, breach of contract, destruction of legal property, and withholding access to legal counsel and the legal system, and Holl refers to these claims by name in his second response. [DE 37 at 1-2.] Regardless of what label a plaintiff uses, claims that boil down to a "question of whether a given course of treatment was medically proper and within the appropriate standard" are the "quintessence of a malpractice case." *Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 185 (Ind. 2011) (quoting *Van Sice v. Sentany*, 595 N.E.2d 264, 267 (Ind. Ct. App. 1992)). Indeed, as I found in my earlier opinion, all of the acts performed at the Bowen Center are professional judgments made by health care providers in psychiatric facilities, and are thus within the Indiana Medical Malpractice Act's purview. [Op. at 12-13.]

Under the Indiana Medical Malpractice Act, "an action against a health care provider may not be commenced in a court in Indiana before: (1) the claimant's proposed complaint has been presented to a medical review panel . . . and (2) an opinion is given by the panel." Ind. Code § 34-18-8-4. As I noted earlier, Holl has not challenged the applicability of the Medical Malpractice Act to the Bowen Center, or contradicted the argument that he was required to submit his complaint for malpractice to the state review panel. [Op. at 13.] Rather, Holl purportedly filed with the state review panel a document that he called, "Holl Formal Complaint at State Review Panel

Per IC 34-18-8-4." [DE 14.] Plaintiff has not alleged that he received a ruling from the medical review board, but instead seems to concede that "they have still yet to set up a medical malpractice review board." [DE 37 at 2-3.] Thus, Holl's attempt to comply with the Act comes up short - the statute requires that an action against a health care provider may not be commenced in a court in Indiana before "an opinion is given by the panel." Ind. Code § 34-18-8-4.

This provision applies to claims filed in federal court, including the requirement that the plaintiff first file the proposed complaint with the medical review panel. *See Hines v. Elkhart Gen. Hosp.*, 465 F. Supp. 421, 423-26 (N.D. Ind. 1979). The Act "grants subject-matter jurisdiction over medical malpractice actions first to the medical review panel, and then to the trial court." *Putnam Cnty. Hosp. v. Sells*, 619 N.E.2d 968, 970 (Ind. Ct. App. 1993). Because Holl did not first present his medical malpractice claims to the medical review panel, and the panel has not yet issued an opinion, the district court is without subject-matter jurisdiction to adjudicate Holl's malpractice claim. *See M.V. v. Charter Terre Haute Behavioral Health Sys., Inc.,* 712 N.E.2d 1064, 1067 (Ind. Ct. App. 1999). However, as I noted in my earlier decision, at least one court in this district has held that because the "Indiana General Assembly doesn't decide the jurisdiction of the federal courts," the "legislative prohibition on court action doesn't affect this court's subject-matter jurisdiction." [Op. at 14; *Estate of Rice ex rel. Rice v. Corr. Med. Servs.*, 596 F. Supp. 2d 1208, 1225 (N.D. Ind. 2009).] I will follow the Court's lead in *Rice* and dismiss the medical malpractice claims against the Bowen Center without prejudice for

failure to state a claim upon which relief can be granted, not on the grounds that I lack subject-matter jurisdiction. Dismissal without prejudice is proper for these claims because an opinion has not yet been obtained by a medical review panel.

Aside from these claims which I have gleaned from the first amended complaint, I note, in an abundance of caution, that the initial complaint still fails to state a claim, and nothing in the amended complaint fixes those deficiencies I noted earlier in my July 2018 opinion. "In order to incorporate an earlier pleading, the later pleading must specifically identify which portions of the prior pleading are adopted therein." *Federal Nat'l Mortg. Ass'n v. Cobb*, 738 F. Supp. 1220, 1227 (N.D. Ind. 1990). Here, Holl does not indicate that he wishes to adopt any of the initial complaint. But because he is pro se, I will summarily address the claims that he set forth in the original complaint and were addressed and dismissed by me in the previous order.

In the initial complaint, to the extent Holl claims the Bowen Center violated his rights under the federal constitution (or a claim under 42 U.S.C. § 1983), there is no allegation that the Bowen Center is a state actor. [Op. at 7; *see West v. Atkins*, 487 U.S. 42, 48 (1988).] Holl's claims in the first complaint under the Indiana constitution must also be dismissed because both Indiana and federal courts have declined to find an implied right of action for damages under the Indiana constitution. [Op. at 8; *Smith v. Ind. Dep't Of Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007).] To the extent Holl seeks relief from the Bowen Center under international law, that also fails for the reasons I explained in my previous order. [Op. at 8-9.]

9

Finally, Holl cites to Indiana Code § 12-26-5-1 in the initial complaint, which sets forth requirements for involuntarily committing a person to a facility. Holl also does not state a claim under this statute because it does not require the Bowen Center to provide a report to Holl upon his request, and the commitment application contained the appropriate information. [Op. at 14-15.]

For all of these reasons, Holl has failed to state a claim to relief. It is clear to me that granting Holl another opportunity to amend the complaint would only be futile. Therefore, aside from the medical malpractice claims which will be dismissed without prejudice (because an opinion has not yet been given by the medical review panel), dismissal of the remaining claims will be with prejudice. *See Ritacca v. Storz Medical, A.G., Curamedix*, No. 12 C 8550, 2013 WL 5550390, at * 4 (N.D. Ill. Oct. 4, 2013) (finding "it would be a waste of the parties' time and of judicial resources to allow Plaintiffs another futile amendment. Plaintiff's failure to cure deficiencies the Court specifically identified merits dismissal with prejudice.").

**Conclusion**

For the reasons set forth above, the Bowen Center's Motion to Dismiss Plaintiff's Amended Complaint [DE 29] is GRANTED. Plaintiff Ryan Holl's medical malpractice claims are DISMISSED WITHOUT PREJUDICE and the remaining claims are DISMISSED WITH PREJUDICE.

Additionally, the Court DENIES AS MOOT the Bowen Center's Motion to Strike Plaintiff's Request for Summary Judgment [DE 32] as I already ruled upon this motion.

In my order dated September 19, 2019, I denied Holl's request for summary judgment. [DE 33 at 2.]

ENTERED: February 14, 2019.

        /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT