UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN ANTHONY HOLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:18CV2-PPS/MGG |
| v. | ) |
| | ) |
| THE OTIS R. BOWEN CENTER FOR | ) |
| HUMAN SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before me on several items related to pro se Plaintiff Holl's attempt to file a notice of appeal or extension of time to file a notice of appeal. Holl filed a "Request for Extension of Judicial Memo" stating he was "seeking a 19 day extension to finalize" [DE 44]; Defendant filed a Motion to Strike Plaintiff's Request for Extension, Jurisdictional Memorandum and Docketing Statement [DE 50], and Holl filed a response as well as a "Request for Extension" [DE 56].

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment or order appealed. In this case, I granted the second motion to dismiss for failure to state a claim, dismissing Holl's medical malpractice claims without prejudice and dismissing the remaining claims with prejudice [DE 41], and judgment was entered on February 15, 2019 [DE 42]. The notice of appeal was therefore due no later than March 18, 2019.

Holl filed three documents on March 19, 2019 (one day after the notice of appeal was due): (1) "Request for extension Judicial Memo," in which he states this is an "Appeal of Judge Phil's Unconstitutional order and opinion" and he is "seeking a 19 day extension to finalize" and he is "high on Zyprexa right now!" [DE 44]; (2) a 34-page "Docking Statement" [DE 45]; and (3) a "Jurisdictional Memorandum" where he again requests an extension of nineteen days [DE 46].

On March 20, 2019, the Clerk sent the short record to the Seventh Circuit Court of Appeals. On March 22, 2019, Holl filed his Jurisdictional Memorandum with the Seventh Circuit. On March 25, 2019, the Seventh Circuit rejected Holl's notice of appeal as improper and untimely (stating the notice of appeal filed on March 19, 2019, was filed one day late). [No: 19-1509, DE 3.] The Seventh Circuit directed Holl to seek an extension of time in this court, or face dismissal of his appeal. Holl filed a "Request for Extension" on April 5, 2016 [DE 56].

Under Federal Rule of Appellate Procedure, a motion to extend the time to appeal must be filed within 30 days of the judgment appealed. *See* Fed. R. App. P. 4(a)(5); 28 U.S.C. § 2107(c). None of Holl's filings on March 19, 2019, specifically request an extension of time to file a notice of appeal. But even if I construe them as such, they are still filed one day too late. Holl's request for an extension of time filed on April 5, 2019 [DE 56] is also filed too late. Holl has not shown excusable neglect or good cause to receive an extension in the March 19th filings or in the more recent request filed on April 5, 2019. "Although we liberally construe pro se filings, we do not enlarge filing

2

deadlines for them." *Raven v. Madison Area Technical College*, 443 F. App'x 210, 212, 2011 WL 4478266, at *3 (7th Cir. Sept. 28, 2011) (citation omitted). Because Holl does not claim that he was incarcerated at the time he mailed the notice of appeal, he may not take advantage of the mailbox rule. *See* Fed. R. App. P. 4(c). Therefore, Holl's request for an extension of time to file a notice of appeal is denied.

This result is consistent with the Seventh Circuit's recent ruling in another case filed by Ryan Holl, 3:18-cv-00001, in which I granted an extension of the appeal period, but the Seventh Circuit found I "was not authorized to do so." [DE 86-1 in No. 3:18-cv-00001; *Ryan A. Holl v. State of Indiana*, Case No. 18-3563.]

Therefore, Holl's request for an extension [DE 56] is DENIED; to the extent any of the filings on March 19, 2019, constitute a request for extension of time to file a notice of appeal [DE 44, 45, 46], those requests are also DENIED. Because I have already denied Holl's request for extension of time to file a notice of appeal, Defendant's Rule 12(f) Motion to Strike [DE 50] is DENIED.

ENTERED: April 11, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT