# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| RYAN ANTHONY HOLL, | ) |
|---|---|
| Plaintiff, | ) |
| | ) CAUSE NO. 3:18CV2-PPS/MGG |
| v. | ) |
| | ) |
| THE OTIS R. BOWEN CENTER FOR HUMAN SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

The Seventh Circuit remanded this case for the limited purpose of explaining why I denied Holl's motion to extend the time to appeal. [DE 59.] In short, I denied the motion to extend because Holl did not demonstrate that his dilatory filing was due to excusable neglect and because his abusive litigation tactics are the antithesis of good faith.

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment or order appealed. In this case, I granted the second motion to dismiss for failure to state a claim, dismissing Holl's medical malpractice claim without prejudice and dismissing the remaining claims with prejudice [DE 41], and judgment was entered on February 15, 2019 [DE 42]. The notice of appeal was therefore due no later than March 18, 2019. Holl filed his notice of appeal on March 19, 2019, one day late.

Holl filed a "Request for Extension" of the time to appeal on April 5, 2019 [DE

56]. Under Federal Rule of Appellate Procedure Rule 4(a)(5), I can extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; *and*
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A)(i, ii)(emphasis added). The Advisory Committee Notes to the 2002 amendments make clear that the district court is permitted to extend the time to file a notice of appeal if the two conditions are met. Here, Holl's motion filed on April 5, 2019, falls within the window of 30 days after the time to file an appeal expired. But Holl has not shown excusable neglect or good cause.

In his request for an extension of time to file a notice of appeal, Holl argues that the documents he filed with the Court on March 19, 2019, should be deemed timely, arguing he put it in the mail within 30 days of the judgment, and perhaps in hindsight, he should have paid for overnight mail to the district court. [DE 56 at 1-2.] He also contends that he filed a judicial memorandum timely with the Seventh Circuit. [*Id.* at 1.] But these arguments do not constitute excusable neglect or good cause for not filing a notice of appeal in the district court within 30 days of the entry of the judgment appealed, as required by the rules.

The standard for reviewing whether neglect was "excusable" is an equitable one, and it takes into account things like: (1) danger of prejudice to the non-moving party; (2) the length of the delay and impact on judicial proceedings; (3) reason for the delay

(for example, whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). The Seventh Circuit has stated that the term "excusable neglect" as used in Rule 4(a)(5) "refers to the missing of a deadline as a result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Id.* It is very clear that "[a] simple case of miscalculating a deadline is not a sufficient reason to extend time, and judges do not have 'carte blanche' authority to allow untimely appeals." *Id.* (citing *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)). Indeed, the Seventh Circuit has made it clear that the "excusable-neglect standard is a strict one; 'few circumstances will ordinarily qualify.'" *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 706 (7th Cir. 2014) (quoting *Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat (Admin. Of State Ins.*), 808 F.2d 1249, 1251 (7th Cir. 1987)). The standard can't be met only by showing an "inability or refusal to read and comprehend the plain language of the federal rules." *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133-34 (7th Cir. 1996) (quotation omitted).

Although the length of delay was short here, the Seventh Circuit has recognized that the first and second factors (length of delay and prejudice to the opposing party) "do little analytical work in this context and thus are rarely dispositive." *Satkar*, 767 F.3d at 707. Because the time for requesting an extension, 30 days, is relatively brief, by definition, the built-in short time frame keeps the risk of prejudice rather low. *Sherman v. Quinn*, 668 F.3d 421, 426 (7th Cir. 2012).

3

The most important factor to look at in considering whether there is excusable neglect is the reason for the delay. *Satkar*, 767 F.3d at 707. Here, Holl does not dispute that he knew I entered a final, appealable judgment, or that he knew the notice of appeal must be filed within 30 days from that date. Although Holl contends he gave the notice of appeal to the mail carrier within the required 30 days, that is not the rule for pro se civil litigants not in prison. *See* Fed. R. App. P. 4(c). Rule 4 provides that a notice of appeal in a civil case must be filed in the district court within 30 days of the entry of the judgment or order appealed. Fed. R. App. P. 4(a)(1)(A). A notice of appeal is deemed filed when it is actually received in the clerk's office. *United States v. Solly*, 545 F.2d 874, 875 (3d Cir. 1976). According to the docket in this case, the Clerk did not enter Holl's notice of appeal until March 20, 2019, but the docket reflects that it was filed on March 19, 2019, presumably when the Clerk received the notice of appeal. [DE 44.]

To the extent Holl cites to Federal Rule of Civil Procedure 5(b)(2)(C), that rule on its face relates to serving papers upon another party/person, not filing a notice of appeal with the Clerk's office. [DE 56 at 4.] Holl also cites to Federal Rule of Appellate Procedure 25(c) for the proposition that his notice of appeal was timely filed because he gave it to the mail carrier within the 30 day window of time. [DE 56 at 4.] However, Rule 25 governs filing and service with the court of appeals, and specifically, service of process on parties. Fed. R. App. P. 25(c)(4). Even for the appellate court, "[f]iling may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk

4

receives the papers within the time fixed for filing." Fed. R. App. P. 25(a)(2)(A).

It was within Holl's control to mail his notice of appeal to the district court earlier, or by a quicker mailing method. Indeed, Holl knew the deadline for filing a notice of appeal, as he previously encountered it in a related case before me, *Holl v. State of Indiana*, Case No. 3:18-cv-00001 (N.D. Ind. filed Jan. 3, 2018). Because these circumstances were in the control of Holl, and he chose to place the notice of appeal in the regular mail, I find there was no excusable neglect.

In considering the last factor, whether Holl acted in good faith, it's hard to ignore the fact that during the course of this litigation, Holl has been extremely abusive to the court. I repeatedly warned Holl in the other lawsuit before me with similar claims that his language was coming "dangerously close to constituting an abuse of the judicial process" [Case No. 3:18-cv-1 DE 42 at 5-6 (citing DE 20-22, 25, 28, 31-32, 34-37, 39- 41)] and yet, he responded to my initial dismissal order in this case with a "WTF?" [DE 35 at 2.] Earlier he took to calling Magistrate Judge Michael Gotsch as "Magistrate judge Mike" and was perturbed with my "piss poor" handling of the case. [DE 31 at 3.] So although most of the egregious filings were in the other case, Holl saved some for this case as well. *See, e.g.*, DE 25. Despite Holl's request that this motion for an extension of time should be granted because it "does not have any swear words" [DE 56 at 2], in light of all his previous submissions to this Court, I cannot find that Holl has acted in good faith.

As mentioned earlier, a finding of good cause can also justify an extension. The

good cause standard is different from excusable neglect. The good cause standard "applies in situations in which there is no fault - excusable or otherwise." *Sherman*, 668 F.3d at 425 (quoting the Advisory Committee Notes to the 2002 amendments to Federal Rule of Appellate Procedure Rule 4). The notes state it could be good cause for an extension of time if the Postal Service "fails to deliver a notice of appeal," but that is not exactly what Holl is alleging here. Holl is arguing that he provided his notice of appeal (that was sent to the district court) to the mail carrier within 30 days of the judgment. The envelope that Holl sent his notice of appeal in to the district court is on the docket at entry 44-1, and it indicates that Holl put it in the mail (certified mail) on March 12, 2019, from Somerset, New Jersey, and mailed it to the Clerks Office in South Bend, Indiana. [DE 44-1.] It was filed on March 19, 2019. [DE 44.] Therefore, the Postal Service did not lose the notice of appeal or fail to deliver it, it simply took a little longer to travel from the East Coast to the Midwest than Holl may have expected. This is a gamble that Holl took by sending his notice of appeal by regular mail (instead of overnight or expedited).

Holl also argues that "[i]t would be foolish to not accept my appeal notice as timely because it was filed in time with the Court of Appeals." [DE 56 at 3.] But this statement runs contrary to the Seventh Circuit's finding that his notice of appeal was untimely. [No. 19-1509, DE 3.] And the Seventh Circuit has held that appeals filed one day too late, are late nonetheless. *See, e.g., Marquez*, 424 F.3d at 541-42 (one day late is still too late when no excusable neglect or good cause shown); *United States v. Marcello*,

6

212 F.3d 1005, 1010 (7th Cir. 2000) (habeas appeal filed one day late deemed still too late).

Finally, although pro se filings are generally construed liberally, "we do not enlarge filing deadlines for them." *Raven v. Madison Area Tech. College*, 443 F. App'x 210, 212, 2011 WL 4478266, at *3 (7th Cir. Sept. 28, 2011) (citation omitted); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (quotation omitted) ("pro se litigants are not entitled to a general dispensation from the rules or court-imposed deadlines."). As the court found in *Colo'n v. Downs*, No. 4:07-cv-060-TWP-DML, 2011 WL 5088650, at *2 (S.D. Ind. Oct. 25, 2011), "[w]hile the Court may be sympathetic to the fact that Plaintiff's *pro se* status may have contributed to her one day delay in filing, the trial court is not allowed to cut a *pro se* litigant 'slack' about strict deadlines."

For all of these reasons, I find that Holl has not demonstrated excusable neglect or good cause for filing his notice of appeal one day late. Therefore, I stand by my previous ruling denying his motion to extend the time to file a notice of appeal.

The Clerk is ORDERED to provide a copy of this opinion to the United States Court of Appeals for the Seventh Circuit (regarding Case No. 19-1509).

ENTERED: June 12, 2019.

/s/   Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
